This morning we'll take a break at some point. There will be a very short break after this case while they move the equipment out of the way. But we're ready to proceed in Barnett v. Hall, Estill, etc. 18-5090, 5091, and 5092. Council, you may proceed. Is there a delay? Can you not hear me? I can hear you, Your Honor. Can you hear me? Not real well. Can you speak a little louder? Or is there a way to turn up the volume? Is that better? Does that podium rise? Does that podium come up a little higher? So the mic would be higher? Don't worry, you're not losing time on this. Whoops, you are losing time on that. Is that better? Can you hear me better? Can't see you. I'll move over there. Okay. How's that? We'll do our best, but we'll listen carefully. So go ahead. Okay. Thank you. We're calling the technical. The lady gave us her name, so we're going to call her and see if she can help us out. Okay. Thank you. Okay. May it please the Court, this case, in this particular case, one of the issues is whether or not the Oklahoma Citizens Participations Act applies in federal court. The trial court in this particular case found that it did and dismissed Mr. Barnett's petition, dismissed all of his claims. So there are several issues procedurally before you can get into the merits of the case. The first issue is whether or not the Oklahoma Citizens Participations Act, which I refer to as the OCPA, even applies in federal court. And the analysis isn't whether or not it's procedural or substantive, but whether or not it conflicts with a federal rule or a federal statute. And case law has counseled us that if there's a federal rule that's in conflict, there's no need to proceed further as they've classified it into Erie's mucky waters. In this particular case, federal courts are somewhat split as to whether or not the various states' anti-SLAPP statutes apply in federal court. But in this particular case, the OCPA conflicts with numerous rules of civil procedure under the federal rules. To begin with, the trial court on page 3 of his opinion and order explicitly stated that the OCPA standard is higher than what's required under Rule 8. So he admitted that the OCPA conflicts with Rule 8. It imposes a higher burden. Rule 8 simply requires notice pleading, a short and plain statement of the case, entitling the party to relief. We did that under Rule 8 and under the Oklahoma similar Rule 8, 120S-2008. You also have Rule 56 of the Federal Rules of Civil Procedure, which is a summary judgment standard. The court's ruling in this particular case conflicted with Rule 56. As the courts are aware, on a summary judgment motion in federal court, the courts are not permitted to weigh the evidence or resolve factual disputes. That's also true under Oklahoma law, is it not, under that statute? Hasn't the state court of appeals said that... Sorry, we're getting an echo. Hasn't the Oklahoma court of appeals ruled that the standard, that under the review, under the state statute, the court is not supposed to resolve conflicting evidence? Isn't that correct? They have, yes, Your Honor. But the problem is, that's as to the state rule. It doesn't address the application of that in federal court. But by imposing a burden of proof after the Pramafashi case, it's got to be clear and specific evidence to make out the Pramafashi case under the OCPA. And that's a higher burden of proof than what's required on summary judgment, where it's merely a preponderance of the evidence. So the finding by the Oklahoma court regarding the Oklahoma summary judgment standard is not controlling as to whether or not it conflicts with the federal. But if in this case, our review of the record showed that a summary judgment under the federal standard would have been appropriate, then there's no real conflict in this case, is there? Well, the problem is, that would be true if there was a developed record, if there was summary judgment, if we had been able to conduct discovery, take depositions, all of those things that's normally done. But you didn't request any further discovery before the court ruled. We requested an evidentiary hearing within our response to the Oklahoma Citizens Participations Act. But the trial judge determined that it wasn't necessary and ruled that there wasn't any evidence to support an evidentiary hearing. So you knew that the federal district court was going to conduct essentially a summary judgment type review, not based on the pleadings, but based on the evidence before it. And you did not request additional discovery at that point. And the judge essentially granted summary judgment against you. So what difference does it make whether that was under the state statute or not? The difference it makes is because once we're in federal court, then the federal rules of civil procedure apply. And I did not know that the judge was going to treat it like an evidentiary hearing. Under the OCPA, we have the right to request a hearing, and the courts are supposed to provide an evidentiary hearing. So had we been providing an evidentiary hearing, we would have been able to, or even conduct limited discovery, we would have been able to take depositions and get past whatever threshold was required, either summary judgment or the OCPA. We did attach copies of the transcripts, which the court had said we didn't submit any evidence to trial court. But we had transcripts of the underlying proceeding, which were attached to numerous pleadings as an exhibit. And in those transcripts were statements made by attorneys who were officers of the court, specifically saying that my client had made a threat upon the court and upon counsel in the case. Those transcripts, they were attached as an exhibit. And later on, it was determined that the allegations against my client, that he made a threat to the court, was not true. The allegations that he made a threat to the counsel in the case was not true. And those were, transcripts are evidence. But the trial court diminished it and ruled that it wasn't evidence in this footnote in the opinion. The OCPA also conflicts with the constitutional right to a jury trial under the Seventh Amendment, which provides for a jury trial in cases that the civil dispute exceeds $20, which is the case here. Again, the right to a jury trial allows the plaintiff to have a jury determine factual disputes. In this particular case, that did not happen because the trial court dismissed the case without affording plaintiff his right to jury trial, as provided by the Seventh Amendment. Also, to the extent that whether or not it's substantive or procedural applies and is pertinent, Oklahoma courts have called it substantive, but that does not mean it's substantive for purposes of eerie. In this particular case, the allocations of the burden of proof under the OCPA clearly renders it procedural. It gives a limited right of discovery. It also forces the plaintiff to have a bench trial when the defendant has the evidence, has most of the evidence in the case. And the plaintiff's not allowed to access that evidence if the case is dismissed. And because of that, that also violates due process. And that also renders this a procedural issue to the extent that that's even relevant. I would argue first that it's not relevant because the OCPA conflicts with federal rules of civil procedure. Judge Kavanaugh, then Judge Kavanaugh, now Justice Kavanaugh, in the D.C. Circuit, he did an analysis of this issue, and he determined that D.C.'s anti-SLAPP statute conflicted with Rules 12 and Rule 56, and he determined that it did not apply in federal court. And I would argue that the same analysis applies in this particular case. And all of those are procedural issues before you even get to the merits of the particular case. Let me ask you about an additional procedural issue. Yes, Your Honor. As I recall, you said in your brief, I may be wrong about this, that the federal district court should have dismissed without prejudice the OCPA claims after resolving the federal claims. Is that correct? Did you argue that? Yes, that's one of my arguments. Yes, Your Honor. Did you want to say anything about that? Yes, yes. When it was dismissed, the rules clearly provide that leave to amend, first off, the leave to amend should be provided if the defects can be cured. In this particular case, the judge ruled that they couldn't. He dismissed it with prejudice. And that was obviously fatal to the case. The other issues that we had is after he dismisses the federal claims, then normally the courts are instructed to remand it to state court if you can do so. Usually, if it's early in the proceedings like it was in this case, remand would have been the preferred option or dismissed without prejudice. There wasn't summary judgment. There wasn't extensive briefing. There wasn't discovery. The case was in its infancy. So there was no reason why this case couldn't have been remanded back to state court. And that concern is also heightened when you're talking about a novel statute. As a matter of comedy, important questions of state law should be determined by the states rather than the federal court. In the Oklahoma Citizens Participations Act, most of the cases early on dealt with whether it applies retroactively or not. There really still has not been a lot of guidance from the appeals court and the Supreme Court. And by dismissing it with prejudice and not remanding it, the trial court kept the state court from resolving some of these issues that need to be resolved. For example, the issue of remand. Let me ask a question. What do you mean by remand? Had this case initially been filed in state court? Yes, Your Honor. It was filed in state court and then removed to federal court. So what I had argued was that if the court's declined to grant the 1983 claims, then it should remand it back to state court where it came from. And he did not do that. He went ahead and ruled on it. Secondarily, I said if the court doesn't want to remand it, they can at least dismiss it without prejudice. In this particular case, I always think remand is a better option because you don't have to start all over again. You just go back to where you were and you kind of pick up from there. But by ruling on the merits of the state claims, he deprived my client of the right to have the state court decide these important issues. So you also have the issue of waiver of the argument that the OCPA applies. The matter was filed in state court. They chose to remove it. They chose to invoke the jurisdiction of federal courts. And then they turned around and said there's no jurisdiction because the OCPA defeats the claims. So at least in the context of sovereign immunity, the courts have held if a party removes the case from state court to federal court, they have to accept the consequences of their action and they can't then turn around and say the court lacks jurisdiction when they're the ones who have asserted the jurisdiction of the courts to begin with. So for those reasons, we argue that the OCPA should not even apply to these defendants on that basis. It also conflicts with some state constitutional provisions, primarily Article 2, Section 6 of the Oklahoma Constitution, which is the courts of justice are open to everybody. It's what is the right of access provision. The federal courts have a similar right of access provision. But this OCPA, as applied in this context, violated Article 2, Section 6 of the Oklahoma Constitution, also violated Article 2, Section 22, which specifically provides that parties who abuse their rights of free speech are responsible for abuse of that right. And in this particular case, the allegation is there was a false report of a threat. My defendant specifically said that my client made a threat to the court and made a threat to counsel. Really serious accusation. It turned out that that's not true. So because they made a false report of a threat, they are responsible for abuse of their rights of speech. And that violates Article 2, Section 22 of the Oklahoma Constitution. You also, Your Honors, get into the issue of the substance of the motion. The 1983 claims, in this particular case, the allegation was that my client was unlawfully seized. The deputy questioned him, told him, sit in the courtroom. Don't leave until you're told to. That is a seizure. He was also retaliated against for his conduct, his speech. My client blogged. He said things that were inflammatory, but it's protected speech. And they retaliated against him for that by making the false report of a threat. You have counsel in another case that my client's in where he's making these comments make a false threat against him. They used the Oklahoma Attorney General's Office, a state actor, and they used the Tulsa County Deputy, a state actor, to deprive my client of his constitutional rights. So the grant, sorry? Your time has expired. Okay. Do I have any more time? No, you went over 20 seconds. Okay, thank you. Thank you, counsel. Thank you. You don't need to, well, do you need to stand there to watch the proceedings? You don't need to stand at the podium, counsel. Oh, sorry. You may proceed. Good morning. May it please the court. John David Lackey on behalf of the University of Tulsa. Mr. Phil Richards is here on behalf and represents the, what I think in the briefs we've called the Hall-Lestle defendants. He is co-counsel in this joint cross-appeal and response. Mr. Richards is going to be prepared to present on the issue of the cross-appeal and the denial of attorney's fees, costs, reasonable expenses, and sanctions under the OCPA. I'm prepared to answer any questions and delve into some of the issues of the OCPA's substantiveness. Let me start by asking why we should even be considering the state law claims. Ordinarily, if a court disposes of the federal claims, federal law claims, early in the case, which happened here. If you look at the action of the . . . Well, you're going to say they're both in the same judgment. They are in the same judgment. Yes, but very early in the case. And, in fact, if you look at . . . The court disposed of the federal law claims, and we have a pretty consistent practice there of saying that the district court, in that circumstance, should dismiss, without prejudice, the state law claims. And we've reversed, repeatedly, district courts that go ahead . . . Excuse me. The microphone . . . We can't hear what's going on. I think somebody accidentally hit mute on the microphone there. Can you tell? We can hear now. Thank you. Thank you. Okay, sorry. As Your Honor well knows, the Tenth Circuit has articulated that test for retaining supplemental jurisdiction, and it's the Thatcher v. Cash County Court, back from 1990. It's an abuse of discretion standard that this court looks at when a court retains supplemental jurisdiction, especially after . . . The Supreme Court has recommended that also. It said it's ordinarily, out of comedy, we should . . . Not every time, but ordinarily, when it's disposed . . . When the federal claims are disposed of early in the case. Go ahead. And, as Your Honor correctly points out, Judge Kern, in this case, dismissed the OCPA claims either simultaneously or, if you actually read his order . . . Well, it's in the same document. He finds the 12B motion, or the 12B motion, to only apply to the federal claims because he has already dismissed the state law claims. So, within the concept of the Thatcher test, what discretion should be exercised in terms of . . . I agree with Your Honor that it was early in the case. But the other test within the Thatcher, I think, weighs in favor of Judge Kern having supplemental jurisdiction and not abusing his discretion in finding that the OCPA applied. Or, had he found that it didn't apply, ruling on the state law claims also under the 12B6 motion that the University of Tulsa also filed on all claims. Well, you raised an important issue under the OCPA with respect to attorney fees, do you not? We believe the OCPA requires an award of fees and sanctions, all of those things. And, shouldn't the state courts decide that issue? The state courts have already decided that issue, Your Honor. We have multiple cases from the state of Oklahoma that say that that does apply, that they confer substantive damages, immunities, defenses, all of those things. Wait a minute. Let me get in here. Because I've looked at that statute very carefully. I was waiting for you, Judge. I've looked at both of those cases, the most recent cases that I've found, one by the Oklahoma Court of Appeals, which I understand was a published opinion, which makes it then the rule where they talk about being mandatory determination, and that was the night, it was the year before the Oklahoma Supreme Court then spoke, and they talk in terms of it being discretionary. Now, that in and of itself gives me pause that that issue has got to be determined, and I don't understand why Oklahoma shouldn't be the one that decides that issue as to whether it is mandatory or is it discretionary in the fees. And I believe that we've got three cases from Oklahoma appellate courts that speak directly to that. You've got the Stithley one, which is the Oklahoma Court of Civil Appeals case. I don't care what the Oklahoma Court of Appeals says. If the Oklahoma Supreme Court has said, indicating that it might be discretionary, and the Oklahoma Court of Appeals saying that it's mandatory, that issue's got to be decided by the Oklahoma Supreme Court, right? And I believe that it has been in Anagos v. Tomachek, Judge. That's 390 Pacific 3rd, 707 Oklahoma Supreme Court, 2017. I believe that issue has been conclusively determined. It did not overrule Stithley. It referred to Stithley. It determined that the law in question is both substantive in nature, confers substantive rights and damages to a defendant who prevails, and that it is mandatory in its application. What I see, it says, but the Oklahoma Supreme Court stated in its motion to dismiss under the OCPA is granted, quote, the court may award costs, sanctions, and attorney's fees to the moving party. And that's the Singer case, I believe, that you just quoted. Is that right? What I quoted was Anagos v. Tomachek. Well, I'm quoting, it's a 389 Pacific 3rd, 1117, a 2017 Oklahoma Supreme Court case. And I don't have that in front of me, Your Honor, so I apologize for not being prepared. Well, I'm just saying that's what's really bothering me. So if you can overcome that with another Oklahoma Supreme Court where they say it's mandatory versus it being may, then I'm willing to go that route. But right now, I'm of the opinion that the Oklahoma Supreme Court has said it's, when they use that terminology, that it's discretionary to award it. And I think that there is a distinction, even though your honors are correct, that it's all wrapped up in this issue of whether the law applies in federal court or not. I think the issue of whether the fees themselves are mandatory versus discretionary is an issue that only can be reached by this court if it finds that the law applies in federal court. And so the question, as Mr. McHugh in his argument this morning made, is whether is the law substantive or procedural? Does it conflict, or does the federal rule occupy the field, depending on the different Supreme Court cases you want to look at? All of those need to be determined to decide then whether Judge Kern, in dismissing under the OCPA and then denying fees, costs, sanctions, additional expenses, was abusing his discretion in that denial or whether he should not have even reached that dismissal to begin with. Isn't that another reason for us to dismiss the state law claims without prejudice is because we get into this messy, shady groves issue, and that's totally unnecessary. Not only are we, I think, at least to some extent, violating comity by deciding Oklahoma law that appears to be undecided, but we'd also be getting into a very messy area of the law. I think you'd agree on that. It just seems so much cleaner. And I don't see why you oppose it. It seems to me it'd probably help you. In fact, if you see the initial motion to dismiss, Your Honor, it was under 12B6 as to every claim. And then in addition to that, it was also an OCPA motion on the state law claims that University of Tulsa and appellees believe that the district court's decision in the case was proper regardless of which of the different laws that he used to reach that decision. Certainly, as Your Honors are all well aware, you can reach the same conclusion for different reasons if supported by the record that's in play. And obviously, appellees would assert that dismissal under 12B was appropriate of the entirety of the case based on those same pleading failures under 12. Clarify something for me. You sought dismissal under 12B6. Was there something equivalent to a summary judgment motion in this case? So the OCPA has, as Judge Kern and as Your Honors are well aware, from the different anti-SLAPP laws, especially the New Mexico one that you reached a couple of years ago, Your Honor, additional avenues for defendants in free speech cases or right to petition cases that they may then reach. And the motion to dismiss, as Oklahoma has defined it, operates as, as you indicated earlier this morning, a quasi-summary judgment motion. I think it is substantively different than Rule 56 because it has a burden shifting that does not exist in Rule 56. However, it is, in fact... If there's, as the Oklahoma Court of Appeals has said, as long as the court doesn't weigh evidence, what difference does it make whether there's a burden shifting? Is it a burden? Maybe there's a burden of production or a burden of pleading? I don't want to get into... It's not a McDonnell-Douglas burden shifting argument, right? But at the same time, it requires, in this case, appellees, the University of Tulsa, have a burden of production of evidence before the court can then determine whether, in this case, Mr. Barnett has met his, what would be the quasi-summary judgment evidentiary standard of pleading evidence to support the facts and the elements of the claim. Well, how is that different from summary judgment where the defendant says, you haven't put on any evidence to show the elements of the claim, so you lose? It actually adds a burden on the moving party to present evidence prior to even being allowed to seek judgment or, in this case, dismissal. It's an extra burden on the defendant, you're saying? It is, Your Honor. That's correct. It shifts the burden, as you are aware, in Rule 56, the movant may say there is an absence of material fact, and that is by itself then the non-moving party is required to present evidence to show that there is a material fact in question. The OCPA requires the moving party to present evidence of its own before, in this case, Judge Kern could then reach whether Mr. Barnett had himself then presented evidence to overcome that OCPA motion to dismiss. I think counsel for Mr. Barnett jumped a step when he talked about whether this is substantive or procedural. I know, Judge Baldock, you and Los Lobos said it was clear that the statute was procedural. You had New Mexico cases, Cordova I think was the New Mexico Supreme Court that had called that statute procedural, and in fact had then relied on a different statute to provide the substantive protections under that. We have a different situation here. We have multiple state courts who have found it to include both substantive immunity defenses, and again, I understand that you didn't exactly love that terminology back in Los Lobos, but the Oklahoma Supreme Court and appellate courts have found that is in fact what the OCPA does. It also provides, as we discussed in our brief, and I think even Judge Kern notes that it provides damages in the form of sanctions, fees, costs, reasonable expenses that are not available under any of the other federal rules. So I think that there is a difference here than in Los Lobos or even in some of the other state statutes or D.C. Circuit statutes at play, and as you noted in your Los Lobos opinion, Judge, the individual state statute and the definition of those rights and remedies provided by the courts in that state are what apply to whether that statute then becomes substantive for purposes of federal court application versus the procedural rules under 8, 12, 11, theoretically 56. So I think that you have to look at what has happened in Oklahoma over the last couple of years with regard to the OCPA and find that it's a substantive law, and then you get into the question of whether the rules cover the same area, whether if you take now Justice Kavanaugh's opinion that Rule 8, 12, and 56 are so broad they basically cover anything that might happen and rely on the Shady Grove plurality at least for that decision that basically we're never going to invalidate 8, 12, or 56. Well, but our precedent in this circuit is contrary to the way Judge Kavanaugh interpreted Shady Grove, and we've got to deal with that problem too, don't we? I do agree, and I would at least argue that we have the Walker v. Armco Steel Court case, which is a Supreme Court case from 1980, that state substantive law and federal procedural laws, unless they directly collide, you apply the state substantive law, and that the two can exist side by side with each controlling its own intended sphere of coverage, and that's in this case what Judge Kern found was that they occupy different purposes and pieces within the pretrial setting, and he then cites the specific purpose of the OCPA compared to the purpose of Rule 8, Rule 12, Rule 56, Rule 11, to show that those are not intended to be occupying the same sphere, and that in fact it's the Racher case from, I think it's 20, I forget the date, from this circuit, that says that you apply state substantive law when it is in fact a substantive law, and so I think that the fact that Oklahoma has declared this substantive, and your honors are not supposed to substitute your judgment for the appellate court's judgment from the state in which the law is being applied to determine that question, requires you, and I say require understanding that you're not required to do anything I tell you, to find that the OCPA did in fact apply to this case because there's nothing that prevents, and in fact we moved under Rule 12 as well as the OCPA, and there's nothing that would require if we were to lose an OCPA motion, not being able after discovery is over to move under Rule 56 to dispose of the case. I'm down to 10 seconds, so I don't know that I'm going to be able to provide much time for Mr. Richards. I apologize. Thank you, counsel. Thank you. Case is submitted. Counsel are excused.